IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

PHILLIP D. MIDKIFF, )
)
    Plaintiff, )
)
    v. )        1:06CV417
)
MICHAEL J. ASTRUE,[1] )
Commissioner of Social Security,)
)
    Defendant. )

MEMORANDUM OPINION

OSTEEN, Jr., District Judge

Plaintiff Phillip D. Midkiff filed applications for disability insurance benefits and supplemental security income in October 2002. Plaintiff's applications were denied initially and on reconsideration, causing Plaintiff to request an administrative hearing before an Administrative Law Judge ("ALJ"). After a full hearing, the ALJ made a determination on November 3, 2005, finding Plaintiff was not disabled. Plaintiff exhausted his administrative remedies and appealed the ALJ's decision to this court. Magistrate Judge Dixon reviewed

---

[1] Michael J. Astrue became the Commissioner of Social Security on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should, therefore, be substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Plaintiff's appeal and entered a recommended ruling affirming the decision of the ALJ and granting Defendant's motion for judgment on the pleadings. The case is now before this court on Plaintiff's objection to Magistrate Dixon's recommendation. For the following reasons, the court will remand the case to the ALJ for clarification of Plaintiff's limitations with respect to his need to use a cane and the statements made by the Vocational Expert ("VE") in response to the related hypothetical questions.

I. **STATEMENT OF FACTS**

This court adopts the facts as written in both Magistrate Dixon's recommendation and the ALJ's hearing decision. The only pertinent facts to this decision are as follows.

During Plaintiff's hearing, the ALJ asked the VE a series of hypothetical questions to determine whether Plaintiff was in fact disabled. These questions sought to uncover, inter alia, whether Plaintiff could perform any jobs that were available in sufficient numbers in the national economy despite the limitations imposed upon Plaintiff by his health and physical condition. In order to make this determination, the ALJ first questioned the VE as to whether there were jobs in existence in the regional or national economy that Plaintiff could perform given his present limitations and abilities. (Tr.[2] at 60.) In

---

[2] Administrative Transcript ("Tr.") filed with Defendant's answer (Doc. No. 8.)

response, the VE testified that there were jobs available, such as a small products assembler and bench assembler, that could be performed by someone with Plaintiff's same condition. (Id.)

When detailing Plaintiff's condition in her hypothetical question to the VE, however, the ALJ omitted a limitation which she had previously found applicable to Plaintiff. Specifically, the ALJ found that "the claimant's standing/walking and sitting are limited by the need to alternate changes of position . . . and by his having to use a cane to assist with ambulation and standing." (Id. at 24.)

In response, Plaintiff's counsel asked the VE a follow-up question, inquiring whether Plaintiff could perform the aforementioned jobs if "he had to have his cane in one hand so that whenever he needed to stand he would be limited essentially to one-hand work." (Id. at 62.) The VE answered that such a limitation "would affect the consistency of pace and the work activities and tasks that he would have to perform throughout the day." (Id.)

After Plaintiff's attorney finished questioning the VE, the ALJ asked questions regarding the cane limitation in order to clarify the VE's previous statement. Those questions and answers were as follows:

3

> **ALJ:** I just wanted to clarify your answer to the question about the cane. So would there still be jobs available?
>
> **VE:** Yes, Your Honor, the jobs that I would -- that I indicated would allow for that sit or stand option. If he didn't have to walk around --
>
> **ALJ:** Those jobs don't require the walking around.
>
> **VE:** No.
>
> **ALJ:** Okay. So those jobs would still be available even with the additional limitation of he needs a cane to --
>
> **VE:** Yes, Your Honor.

(Id. at 63.) Plaintiff's attorney then asked the VE the following:

> **ATTY:** But he needs the cane anytime he's on his feet. Whether he's just standing there or whether he's walking around he's got to have that cane. And your jobs -- I'm presuming assembly jobs require two hands.
>
> **VE:** Yes. They do.
>
> **ATTY:** So if he's standing there but he's got to keep his cane in one hand how can he do the job?
>
> **VE:** [INAUDIBLE]. It would affect his consistency of pace and ability to be able to sustain work.

(Id. at 63-64.) After the conclusion of the hearing, the ALJ found the VE's testimony to be consistent with the record and credible. The ALJ determined that Plaintiff was not disabled because he was capable of performing alternate work existing in significant numbers in the national economy.

4

Plaintiff objected to the ALJ's ruling, and subsequently appealed the decision questioning how such a decision could be supported in light of the VE's testimony stating that Plaintiff's use of a cane would affect his ability to sustain work.  This raises the issue of whether substantial evidence supports the ALJ's determination that Plaintiff was not disabled despite his need to use a cane while standing or ambulating.

**II.  ANALYSIS**

The issue presented is whether substantial evidence supports the finding that Plaintiff is not disabled when the ALJ failed to resolve an apparent conflict in the evidence created by the ALJ's findings as to Plaintiff's physical limitations and the VE's response to a hypothetical question where the VE determined Plaintiff's need to use a cane "would affect his consistency of pace and ability to sustain work."  (Id. at 64.)

When reviewing "a final decision regarding disability benefits under the Social Security Act, 42 U.S.C. §§ 301 *et seq.* . . ., [a district court] is limited to determining whether the findings of the Secretary are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (citing 42 U.S.C. § 405(g)).  A district court is not permitted to conduct a de novo review. Id. Review under the "substantial evidence" standard requires a court to determine whether relevant evidence exists that "a reasonable

5

mind might accept as adequate to support a conclusion." Id. (citing Richardson v. Perales, 402 U.S. 389, 390, 91 S. Ct. 1420 (1971)). The Fourth Circuit has interpreted this standard as requiring "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (citation omitted). Or viewed in another way, if "there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'" Id. (citation omitted). When the ALJ's determination is not supported by substantial evidence, a district court can reverse or remand the case.[3]

In this case, the ALJ decided that Plaintiff was not disabled under the Social Security Act. "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . ." Hines v. Barnhart, 453 F.3d 559, 562 (4th Cir. 2006) (quoting 42 U.S.C. § 423(d)(1)(A)). "Substantial gainful activity" is defined as "activity from which something gainful, with some degree of regularity should be inferred . . . [and when] a person's activities may be frequently or transitorily restricted, [it] cannot be the premise for a finding of ability to engage in any substantial gainful activity."

---

[3] "Where there are gaps in the administrative record or the ALJ has applied an improper legal standard, we have, on numerous occasions, remanded to the Commissioner for further development of the evidence." Rosa v. Callahan, 168 F.3d 72, 82-83 (2d Cir. 1999) (citations and internal quotations omitted).

Totten v. Califano, 624 F.2d 10, 12 (4th Cir. 1980) (citations omitted).

In making her decision, the ALJ determined Plaintiff's residual functional capacity ("RFC") was not such that would result in the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 416(1)(1)(A). Nor did she believe that Plaintiff's "physical or mental impairment or impairments [were] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). The ALJ specifically found that Defendant, based upon the testimony of the VE, had carried the burden of proving that Plaintiff could engage in substantial gainful employment that exists in the national economy. (Tr. 27.)

Such a conclusion, however, cannot be meaningfully reviewed by this court in the absence of a finding detailing the specific limitations resulting from Plaintiff's use of a cane and a clarification of the VE's qualification to her opinion that Plaintiff's need to hold on to a cane would affect his "ability to be able to sustain work." (Id. at 64.) Though it is true

7

that the ALJ incorporated the entire record in making her decision, including medical reports stating that Plaintiff had a normal knee examination and normal movement (id. at 465, 277-79), the ALJ specifically found that Plaintiff needed a cane while standing or ambulating. Because "it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence," Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990), this court adopts the ALJ's determination that Plaintiff must use a cane[4] to assist with standing and ambulation and the need to alternate positions during work. This does not resolve the court's concern, however, because the limitation imposed upon Plaintiff by the use of a cane in relation to ambulation and standing is not clarified by the ALJ. It is not clear from the record whether Plaintiff would in fact be limited to one-hand tasks while standing and walking even though that seems to be a logical conclusion or obvious inference.

---

[4] It is important to note that though other courts have found that certain petitioners are not disabled on account of their need to use a cane, those cases are inapposite as they required unique decisions by individual ALJs based on fact-specific situations.

8

The ALJ failed to resolve what appears to this court to be an apparent conflict, or at least a gap, in the evidence.[5] Substantial gainful activity does not include activity which may be frequently or transitorily restricted. See Totten, 624 F.2d at 12. The VE's opinion that the limitation of a cane would affect Plaintiff's "ability to sustain work" appears to be a significant limitation to her opinion that there are jobs in the economy Plaintiff can perform. It may be that the "[INAUDIBLE]" that appears at the beginning of the VE's opinion in the transcript was a statement that somehow clarifies the VE's opinion. However, without further clarification of the Plaintiff's physical limitations and the VE's opinion, the record is simply not clear on this point.

---

[5] The VE specifically stated that Plaintiff's need to use the cane while standing would impact his ability to perform the jobs discussed to a degree that he would have difficulty sustaining work. After the VE's statement, the ALJ made no attempt to clarify how Plaintiff could engage in any employment if such a limitation would affect his ability to sustain work.

9

**III. CONCLUSION**

The court, therefore, reverses[6] the ALJ's decision and remands this matter to the ALJ solely for clarification and determination of the following: (1) whether the physical limitation imposed by Plaintiff's need to use a cane while standing limits Plaintiff to one-hand work while exercising the "stand" option of employment which allows the "sit/stand option"; and (2) if so, what is meant by the VE's qualification to her opinion that the use of a cane while standing "would affect his consistency of pace and ability to sustain work" as that opinion relates to the issue of whether Plaintiff is able to engage in any employment opportunities that exist in significant numbers in the national economy.

---

[6] It appears to this court that remand is appropriate only in two situations according to 42 U.S.C. § 405(g). The first situation is detailed in sentence four, which states that "a district court may remand in conjunction with a judgment affirming, modifying, or reversing the Secretary's decision." Young v. Sullivan, 972 F.2d 830, 833 (7th Cir. 1992) (citation omitted). The second, under "sentence six, the district court may remand in light of additional evidence without making any substantive ruling as to the correctness of the Secretary's decision, but only if the claimant shows good cause for failing to present the evidence earlier." Id. at 833-34 (citation omitted). Accordingly, "Congress' explicit delineation in § 405(g) regarding the circumstances under which remands are authorized leads [the court] to conclude that it intended to limit the district court's authority to enter remand orders to these two types." Id. at 834 (citation omitted).

A judgment in accordance with this memorandum opinion shall be filed contemporaneously herewith.

This the 19th day of February 2008.

                                         /s/ William L. Osteen, Jr.
                                         United States District Judge